IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                   ) | Case No.  1:16:cr169 |
| ) | |
| RAUSHI CONRAD,                  ) | |
| ) | Hon. Gearald B. Lee |
| Defendant.            ) | |
| ) | |

## DEFENANT'S POSITION ON RESTITUTION ORDER

COMES NOW, the defendant, by and through counsel, in response to this Court's inquiry as to the existence of authority to apportion restitution amongst multiple defendants according to their culpability.  In support of his position that this Court does have such discretion, the defendant submits the following:

The Mandatory Victim Restitution Act (MVRA) does grant a judge discretion to apportion restitution.  The MVRA states that so long as the victim is granted full restitution, the judge may apportion the restitution amongst the defendants however he or she sees fit.  Specifically, it grants that a judge may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

Mr. Conrad was an official in the Department of Commerce (DOC).  The jury rendered a verdict that reflected it's belief that Mr. Conrad accepted bribes in exchange for allowing Bedford's Images to be the exclusive contractor on a data migration project.  The jury was convinced that Mr. Conrad received approximately $213,000 in kickbacks from Bedford's Images. Unbeknownst to Mr. Conrad, Bedford's Images, Inc. was not just underqualified.  It was a shell company and misappropriated approximately $1.1 million dollars from the government.  Because of this, the total actual loss to the government was found to be $1.1 million and Conrad received $213,000 from the transaction in kickbacks.

Since 1996, when MVRA was instituted, full restitution has been required for victims of crimes, regardless of whether then can afford to pay it.  18 U.S.C. § 3363A(c).  However, If the court finds that more than one defendant has contributed to the loss of a victim, the court may

make each defendant liable for payment of the full amount of restitution or *may apportion liability among the defendants to reflect the level of contribution to the victim's loss* and the economic circumstances of each defendant. 18 U.S.C. § 3664(h) (emphasis added).

To put it in the words of the Hon. Chief Judge Irene M. Keeley, the MVRA does "permit the court, in its discretion, to mitigate the impact that the restitutionary order might have on the defendant, but only in two respects. It may relax the 'manner' of payment based on the defendant's financial resources, and it may apportion the payment among defendants if more than one defendant has contributed to the loss." *See* 18 U.S.C. § 3664(f), (h). *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003).

In the instant case, Mr. Conrad only received $213,000 of benefit from the partnership with Bedford, who received the remainder of the $1.1 million; some $887,000. This would make Mr. Conrad approximately 20% liable, and Bedford's Images, Inc. approximately 80% liable. Bedford, unbeknownst to Conrad, choose to misappropriate more than a million dollars from the DOC. The amount of harm caused by Conrad is far overshadowed by the harm caused by Bedford, and that should be reflected by apportioning the restitution owed. If the two defendants are held jointly and severally liable, Conrad will have to pay for half of the $1.1 million: approximately $550,000. This is about $300,000 more than he ever received in kickbacks. On the other hand, if Bedford's Images, Inc. must pay only the $550,000 he would get to keep a significant portion of his ill-gotten gains.

Therefore, not only is it appropriate to apportion restitution as granted in the MVRA, but there is precedent showing how federal judges have used their discretion in similar cases to apportion restitution in this manner.

In Newsome, "because the district court found that the *conspiracy* caused the United States to lose 95 black cherry trees and that the loss amounted to $248,459.53, the court properly ordered Dallas Newsome to pay the full amount . . . The district court did not err in ordering full restitution, nor did it abuse its discretion in permitting Dallas Newsome to pay his obligation in installments." There were four defendants in that case, and only Dallas Newsome was made to pay full restitution because he had been the ringleader. The Fourth Circuit affirmed. *United States v. Newsome*, 322 F.3d 328, 342 (4th Cir. 2003).

In the 7th circuit case USA v. Walton, 217 F.3d 443 (7th Cir. 2000), the Seventh Circuit held that the court has discretion to apportion the restitution among the defendants, and indeed should provide reasons when it chooses NOT to do so.

Federal judges do not have to apportion the totality of the restitution. In *United States v. Donaghy*, 570 F.Supp.2d 411, 436 (2nd Cir. 2008) the federal court held that each defendant was responsible for their airfare, board and pay for the years they had been officiating NBA games in a corrupt manner. The court apportioned the total to each defendant the way diners might split a check. Once these charges were covered, a remainder of the restitution was left to be paid, so since the individual charges had been divvied up, the remainder was split jointly and severally. Another case which shows a judge has complete discretion to apportion is *United States v. Reese*, 84 Fed.Appx. 873, (9th Cir. 2003), wherein the court held one of the multiple defendants, Reese, responsible for his share of the kickbacks, and then half of the remaining amount that his charges cost the United States. Approximately $200,000 had been taken from the United States, and Reese's actions had been found to have cost the Unites States $30,000. Reese had received kickbacks of about $16,000. The judge used his discretion to apportion his share of the $200,000 to include only the $16,000 and half of the remaining $14,000 he was directly responsible for, making for a grand total apportioned restitution of about $23,000. This solution showed it was completely at the judge's discretion to apportion the restitution in whatever manner he wanted, even if it was convoluted. Id. at 876. This is similar to the instant case, in that Reese only held responsible for the small portion of the damages that he directly caused the United States to incur.

Therefore, federal judges have discretion with regards to apportionment of restitution. In fact, they need to give reasons when they choose not to apportion. They may use their discretion to apportion restitution amongst many defendants in convoluted bribery schemes, or, like in this case, merely split the restitution according to culpability. Because Conrad only received about $200,000 from his actions and Bedford received more than $1 million culpability was clearly split 20/80, and it would be appropriate, fair and just to apportion the restitution in a corresponding fashion as previous federal judges have done in similar cases, including in the 4th circuit.

WHEREFORE, Mr. Conrad request that this Court apportion any restitution order, which would reflect the degree of culpability for each defendant.

Respectfully Submitted
RAUSHI CONRAD
By Counsel

By:_____/s/_____
Jonathan A. Simms    (VSB 75663)
Attorney for Raushi Conrad
The Simms Firm, PLC
10560 Main Street
Suite 510
Fairfax, Virginia 22030
(703) 383-0636
(703) 995-0850
Jsimms@simmsfirm.com

CERTIFICATE OF SERVICE

    I hereby certify that on September 11, 2017 I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By:_____/s/_____
Jonathan A. Simms, Esq (75663)
The Simms Firm, PLC
10560 Main Street
Suite 510
Fairfax, Virginia 22030
(703) 383-0636
(703) 995-0850 (Fax)
jsimms@simmsfirm.com